UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE ORTH

      Plaintiff,

v.                                        CASE No. 8:07-CV-1874-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-four years old at the time of the administrative hearing and who has a high school education, has worked as a

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

cashier/stock clerk, teller, and model (Tr. 55, 127, 145). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to an automobile accident during which she sustained a pelvic fracture, injuries to her ribs, liver, and bladder, and subsequently developed RSD (reflex sympathetic dystrophy) (Tr. 122).[2] The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffered medically determinable impairments caused by the automobile collision (liver, bladder trauma, rib and possible pelvic/coccygeal fractures) (Tr. 26). The law judge concluded, however, that the plaintiff had no confirmed functional impairment for a twelve-month period as a result of these injuries (id.). Thus, the law judge found that the plaintiff did not have an impairment that limited her ability to perform basic work-related activities

---

[2] The accident occurred on September 19, 2003 (Tr. 122). The plaintiff was not working at the time of the accident because she had previously been terminated from her job "due to a background check" (Tr. 123).
    The record reflects different causes for the accident. A treating physician's report states that the accident occurred after the plaintiff passed out while driving (Tr. 266), but the plaintiff allegedly told another physician that it occurred when she was broadsided by a vehicle (Tr. 318).

for twelve continuous months and, therefore, she did not have a severe impairment (id.). Consequently, the plaintiff was found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  In this case, in order to receive disability benefits, the plaintiff must show that she became disabled before her insured status expired on June 30, 2006. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.  There is not a similar

requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts two challenges to the law judge's decision. Neither warrants reversal.

A.  The plaintiff argues, first, that the law judge erred by failing to obtain evidence of the qualifications of members of a Cooperative Disability Investigations Unit ("CDI"), who conducted covert surveillance of the plaintiff (Doc. 24, pp. 6-7).  The plaintiff also argues that the record does not include a copy of a video that was obtained during the surveillance (id., p. 7).

The plaintiff's application for Social Security disability benefits was referred by the Tampa Division of Disability Determinations ("DDD") to the CDI for investigation after the DDD became suspicious that the plaintiff was exaggerating her functional limitations (Tr. 173). The CDI performed video surveillance and prepared a written report of its observations (Tr. 172-77; Doc. 27). The video and the report were accepted into evidence by the law judge (Tr. 86-87).

The report stated that the plaintiff was observed at a physician's office walking with an abnormal gait and with the assistance of a walker (Tr. 175). She moved in a slow, seemingly agonizing manner (id.). It was noted that she wore cloth "booties" instead of shoes (id.). After the plaintiff's doctor's appointment, the plaintiff and her mother drove in a van to a nearby store, where she was observed walking normally, and without a walker (Tr. 176). In contrast to her pained expression at the physician's office, she exhibited a cheerful countenance (id.). The plaintiff had switched to sandals, and was carrying a large bag on her shoulder (id.). After shopping for about forty-eight minutes, during which she was observed bending and squatting, she loaded several packages into the van without difficulty (Tr. 176-77). I

have reviewed the video, and my observations are consistent with those of the investigators.[3]

The plaintiff's argument that the case should be remanded because the video is not part of the record is moot, as the Commissioner has submitted a copy of the surveillance video (Docs. 26, 27). The plaintiff's argument that the "qualifications of the investigators is [sic] not contained in the record" (Doc. 24, p. 6) is meritless.

First, the plaintiff has not asserted any reason to believe that this team of four investigators from the CDI Unit of the Office of the Inspector General was not qualified. This team included a Florida Department of Law Enforcement financial crimes investigator, a special agent of the Office of the Inspector General, and a resident agent in charge of the Office of the Inspector General (Tr. 177). The team conducted video surveillance and produced a report which noted their observations of the plaintiff (Tr. 173-77). These are tasks that can be carried out by a lay person and, thus, they certainly could be

---

[3] It is noted that the video is approximately five minutes long and does not include the plaintiff's movements while shopping inside the Old Time Pottery store (see Doc. 27; Tr. 173-77). The plaintiff loading packages into the car was also not observable on the video. Thus, that information is obtained solely from the CDI report.

performed by the investigators, even if they have only minimal experience conducting surveillance.[4]

Further, the law judge offered the plaintiff's attorney (who is from the law firm that represents the plaintiff in this appeal) the opportunity to cross-examine the investigators, but plaintiff's counsel declined to do so (Tr. 86-87) (see also Tr. 177)(the CDI report specifies that "[w]itnesses and investigators will be available to testify upon request").[5] Having declined to inquire into the qualifications of the investigators, the plaintiff has no support for the grossly speculative notion that the investigators, who have been employed to conduct investigations, are not qualified to perform such a rudimentary task as covert surveillance.

---

[4]The plaintiff also argues that there is no evidence to support the ALJ's conclusion that the CDI unit is trained to detect conflicting behavior and dissembling (Doc. 24, p. 6). Although the law judge made a reasonable assumption that the investigators would be trained to detect such behavior (Tr. 25), that comment is irrelevant, because the CDI report merely documents the investigators' observations of the plaintiff's behavior (Tr. 173-77). Thus, it makes no ultimate finding that the plaintiff was dissembling, but rather "encourage[s] [the reader] to view the attached video in its entirety and formulate his/her own, independent, assessment of the extent to which the actions depicted support or refute [the plaintiff's] allegations of functional limitation"(Tr. 175).

[5]The plaintiff's attorney stated at the administrative hearing that he did not know the qualifications of the investigators (Tr. 48). The law judge told plaintiff's counsel that he had a right to cross-examine the investigators, and afforded plaintiff's counsel two weeks to consider this decision (Tr. 86-87). The law judge specified that the video would be deleted from the record if it did not withstand cross-examination, but that he would consider the video in his decision if no cross-examination was conducted (id.).

Moreover, the law judge viewed the video and found it compatible with the investigators' impressions (Tr. 25). Accordingly, he gave their evidence great weight. Particularly since the plaintiff did not adduce any evidence on this subject, the record certainly does not compel a contrary conclusion.

B. The plaintiff also argues that the law judge did not give adequate consideration to the effects of her medications (Doc. 24, pp. 7-9). The plaintiff testified at the administrative hearing that her "memory is so bad" and that her doctors said medication is a cause of memory loss (Tr. 76-77). The plaintiff testified further that "it is [hard] for [her] to concentrate" (Tr. 79).[6]

A law judge has a duty to consider the alleged side effects of medications. See McDevitt v. Commissioner of Social Security, 2007 WL 2050910 (11th Cir. 2007) (unpub. dec.). The law judge acknowledged in his decision that the plaintiff "takes Oxicodone, Aviane, and Percocet, at various times" (Tr. 24). However, the law judge stated that "[t]here is little objective

---

[6]The plaintiff did not clearly testify that her medication has caused her purported concentration difficulties. The plaintiff's testimony was that, "as hard as it is for me to concentrate and with the medication and everything, I believe I would want to be able to concentrate and I know how hard it is for me to concentrate" (Tr. 79).

evidence of serious side effects from the treatment. (The claimant also admitted that the medications do help to some degree.)" (id.)(emphasis in original). The law judge stated further that, "[m]ost of all, there are overwhelming issues regarding the claimant's credibility and honesty, that effectively nullify her claims" (id.).

The law judge's finding that there is little objective evidence of serious side effects is supported by substantial evidence. Importantly, the plaintiff does not cite to any medical evidence showing that she complained to her doctors about serious side effects resulting in specific functional limitations. This failure warrants rejection of the plaintiff's contention regarding side effects in light of the requirement in the scheduling Order that "discrete challenges must be supported by citations to the record of the pertinent facts" (Doc. 16, p. 2).

In all events, the plaintiff has not established that the evidence compels a finding contrary to the law judge's conclusion that there is little objective evidence of serious side effects. A law judge need not accept a plaintiff's testimony of medication side effects that is unsupported by the medical record. See e.g., Turner v. Commissioner of Social Security, 2006

-10-

WL 1490144 at *2 (11th Cir. 2006)(unpub. dec.)(law judge did not err in discrediting plaintiff's testimony regarding medication side effects because the record includes no evidence of consistent complaints to her physicians of side effects). As just indicated, the plaintiff has not cited to any medical evidence showing specific side effects and resulting functional limitations.

Having failed to demonstrate objective medical evidence of side effects, the plaintiff is left to rely upon her own testimony. However, on that matter, the law judge said that, "[m]ost of all, there are overwhelming issues regarding the claimant's credibility and honesty, that effectively nullify her claims" (Tr. 24). That finding is strongly supported by the investigative report, including the surveillance video. That report, along with the video, essentially demolishes the plaintiff's credibility and provides ample basis for rejecting the plaintiff's testimony regarding side effects.

In sum, the plaintiff has failed to support her claim of side effects with objective medical evidence. Further, her testimony on that subject was properly rejected. Therefore, the contention lacks merit.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and does not contain any reversible error, is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 28th day of November, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE